## GENTRY, Com'r Public Safety, v. BLINN, County Judge.

No. 28662.　Nov. 1, 1938

Rehearing Denied Nov. 15, 1938.

John H. Reading, Mac Q. Williamson, Atty. Gen., and J. Harry Johnson, Asst. Atty. Gen., for petitioner.

Leslie L. Conner, for respondent.

RILEY, J. This is an original action in this court wherein petitioner seeks a writ of prohibition to be directed to respondent herein commanding him to desist and refrain from further proceedings in the county court involving an appeal sought to be prosecuted in said county court by A. McWhorter, under the provisions of section 30, art. 5, ch. 50, S. L. 1937, known as the Motor Vehicle Drivers' License Act.

The grounds for the writ, in substance, are:

On February 8, 1938, McWhorter was convicted upon a plea of guilty in the district court of Oklahoma county in a case wherein he was charged with the offense of driving an automobile while under the influence of intoxicating liquor. His punishment was fixed at a fine of $50, which he paid. In addition to the fine so assessed, the district court suspended McWhorter's driver's license for a period of 30 days.

Thereafter, on March 23, 1938, upon receipt of a record of such conviction, petitioner, J. M. Gentry, as Commissioner of Public Safety, issued an order revoking McWhorter's driver's license.

On March 30, 1938, McWhorter filed in the county court of Oklahoma county a petition for a hearing in the matter of the revocation of his license, apparently under the provisions of section 30, of the Drivers' License Act.

The Commissioner of Public Safety appeared specially in the county court and moved to dismiss the petition upon the ground that the county court was without jurisdiction, in that for revocation of the license on account of the conviction of the offense named, no right was given for a hearing in the county court. The county court sustained the motion and dismissed the petition. From this order McWhorter appealed to the district court, where the order of the county court dismissing the petition was reversed and the cause was remanded to the county court. The county court was about to proceed with the hearing in conformity with the order of the district court, when the petition for writ of prohibition was filed in this court.

The principal question then is whether the county court has jurisdiction to proceed with the hearing of McWhorter's petition. This involves the construction of the provisions of several sections of the Motor Vehicle Drivers' License Act.

Section 25 of the act provides:

"The Commissioner shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction in any court of record of any of the following offenses when such conviction has become final. * * *

"Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug."

Under this section, standing alone, it is mandatory upon the commissioner to revoke the license. Section 26 of the act, however, provides:

"(a) Whenever any person is convicted or pleads guilty in any court to an offense involving the use of a motor vehicle, such

---

court shall make immediate report to the Commissioner of Public Safety setting forth the name of the offender, the number of the operator's, or chauffeur's license, and the penalty imposed.

"(b) The Commissioner of Public Safety may in his discretion suspend or revoke the licenses of such person, such suspension or revocation being in addition to the punishment imposed by the court.

"(c) Any person whose license is so suspended or revoked under the provision of this section shall have the right of an appeal as otherwise provided for in this act."

Section 30 of the act provides:

"Any person denied a license or whose license has been canceled, suspended, or revoked by the commissioner, except where such cancellation or revocation is mandatory under the provisions of this act, shall have the right to file a petition in the county court within thirty (30) days thereafter for a hearing in the matter in the county wherein such person shall reside, and such county court is hereby vested with original jurisdiction, and it shall be its duty to set the matter for hearing within thirty (30) days, written notice being given to the Commissioner, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license, or is subject to suspension, cancellation, or revocation of license under the provisions of this act Appeals may be heard from the order, decision or judgment of the county court to the district court sitting in and for such county. The district court is hereby vested with final appellate jurisdiction in all cases arising under the provisions of this section."

No other provision is made for an appeal from an order of the commissioner revoking a license. If the county court has jurisdiction to review such an order, it must be under this section

A conflict between the provisions of section 25 and section 26 of the act is apparent. Section 25 makes it the mandatory duty of the commissioner to revoke the license upon receipt of a record showing an operator's or chauffeur's conviction for the offense of driving a motor vehicle while under the influence of intoxicating liquor. By the exception clause contained in section 30, the operator is denied the right of petition to the county court because of the provisions of section 25, supra.

Section 26 provides that whenever any person is convicted of, or pleads guilty in any court to, an offense involving the use of a motor vehicle, and report thereof is made to the Commissioner of Public Safety, the commissioner may in his discretion suspend or revoke the license, and by subdivision (c) of said act, the person whose license is so suspended or revoked under the provisions of this section shall have the right to appeal as otherwise provided in the act.

The provision of section 26, taken literally, renders the mandatory provisions of section 25 nugatory.

The question is further complicated when considered with the general provisions of other sections, by the provisions of subdivision 10 of section 6 of the act, which provides:

"Any person * * * who has been convicted for driving a motor vehicle while under the influence of intoxicating liquor, shall forfeit the right * * * to a license * * * and the license may be canceled or suspended for such time as the commissioner or the court may by order direct."

Respondent contends that this subdivision confers power and jurisdiction in the court to cancel or suspend the license, and when the court has acted in the matter as in the instant case by suspension rather than cancellation, the judgment of the court is final and binding and the "commissioner" is thereafter without power to order a further suspension or cancellation of the license.

Again it appears from that subsection that even though the judgment and order of the court is not final, subsequent action by the commissioner, if any, is made discretionary as to whether the license be further suspended or canceled, and in such case an appeal would lie to the county court from such subsequent order of the commissioner, for the very reason of such discretionary power.

Counsel for petitioner in their brief assert that the most that can be said for that subsection is that it provides for cancellation or suspension in addition to the revocation made mandatory by section 25, supra. But this position is not entirely tenable, for the reason that if mandatory revocation as provided in section 25 is applicable, there could be no room left for suspension. Counsel for petitioner assert, however, that if their contention above stated be not upheld, then the only other possible construction for said subsection is that it is superseded by later conflicting provisions in sections 24, 25, and 30. In this connection they cite the rule of statutory construction that, "if there is a conflict

between different sections or provisions of the same act, the last in order of position or arrangement prevails."

This rule is well established and almost if not entirely universally recognized. 59 C. J. 999, and cases cited from 18 states, federal courts, Porto Rico, and several Canadian provinces.

But in urging this rule counsel for petitioner apparently overlook the still later provisions of the act found in subsection (b) of section 26, supra, where again the question of suspension or revocation by the commissioner is specifically made discretionary in any case of conviction in any court for any offense involving the use of a motor vehicle.

Applying the rule suggested, then we have the provisions of subsection 10 of section 6 apparently in conflict with sections 24 and 25, superseded by said later provision, which in turn, being in conflict with subdivision (b) of section 26, are superseded thereby.

This conclusion, however, may be arrived at only in case the rule of construction above referred to is conclusive and exhaustive as to the matter of construction of conflicting statutes.

It is said that the rule "is a purely arbitrary rule of construction, which is subject to the rule that the statute must be construed as a whole to find the legislative intent." 59 C. J. 1000.

In this case the "legislative intent" sought is whether an appeal to the county court is intended to be allowed under the facts in this case. This calls for the application of the rule.

"Hence, it is an established rule in the exposition of statutes that the intention of the lawgiver is to be deduced from a view of the whole and of every part of a statute taken and compared together The several provisions of the statute should be construed together in the light of the general purpose and object of the act and so as to give effect to the main intent and purpose of the Legislature as therein expressed. If possible a statute should be so construed as to render it a consistent and harmonious whole; if different portions seem to conflict, they should, if practicable, be harmonized, that construction being favored which will render every word operative rather than one which makes some words idle and nugatory." Eagle-Picher Mining & Smelting Co. v. Linthicum, ·175 Okla. 483, 53 P.2d 687.

This in turn calls for the application of the rule announced in Palmer v. King, 75 Okla. 276, 183 P. 411, as follows:

"Where general terms or expressions in one part of the statute are inconsistent with more specific or particular provisions in another part, the particular provision will be given effect, as a clearer and more definite expression of the legislative will."

Applying that latter rule, we have specific provisions for mandatory revocation of the license for conviction in any one of six specified cases, the second of which is conviction of the offense of driving an automobile while under the influence of intoxicating liquor, or a narcotic drug, provided for in section 25 of the act, while the provisions under subdivision 10 of section 6 and subdivision (b) of section 26 are in general terms. These general terms or expressions being inconsistent with the specific and more particular provisions in section 25, the latter must prevail and be given effect, as "clearer and more definite expression of the legislative will."

The legislative intent, then, is clearly made to appear as leaving it within the discretion of the Commissioner of Public Safety to suspend or revoke the license under section 26 of the act in all cases other than those specifically mentioned and named in section 25 of the act. This brings the act in harmony with the clear intent of the Legislature to except cases where the cancellation or revocation of the license is made mandatory under the provisions of the act, in section 30 of the act, in providing for appeal to, or review by, the county court. To hold otherwise would leave that part of section 30, supra, which reads, "Except where such cancellation or revocation is mandatory under the provisions of this act," as nugatory and meaningless. In other words, to hold otherwise would be to say that in no case is the cancellation or revocation of the license "mandatory." Likewise to hold otherwise would be to render all the provisions of section 25 ineffective.

In this case we need not consider the question of the power of the district court to cancel or suspend the license under the provisions of subsection 10 of sec. 6 of the act. It is the power or jurisdiction of the Commissioner of Public Safety with which we are to deal.

It is contended that the power given to the court in which the licensee is convicted to cancel or suspend the license, etc., precludes the commissioner from acting where the court has suspended rather than canceled the license.

It may be observed that power to revoke is given to the commissioner as well as to the court; and by subsection (b) of section 26, the suspension or revocation by the commissioner may be in addition to the punishment imposed by the court.

The power of the Legislature over the highways is plenary. Commonwealth v. Funk (Pa.) 186 Atl. 65.

The power conferred upon the commissioner to revoke the license is administrative and not judicial (Commonwealth v. Funk, supra), and, as we view it, the law may be exercised in the manner and to the extent provided and required by the statutes, even though the court has seen fit to suspend for a short period, rather than revoke the license.

It follows that the county court was right in the first instance in holding that it had no jurisdiction to entertain the petition of McWhorter, and that the district court was in error in holding to the contrary.

The writ of prohibition, as prayed for, will issue.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur