STATE v. EARL CLAUDE MOYERS.

A.-10548.   Feb. 11, 1948.

(189 P. 2d 952.)

102

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for plaintiff in error.

Guy H. Sigler, of Ardmore, for defendant in error.

JONES, J.   The defendant, Earl Claude Moyers, was charged by information filed in the county court of Carter county with a violation of that portion of § 303, Tit. 47, O. S. 1941, which provides as follows:

"No person shall operate a motor vehicle on any high-way of this State during the time for which the license of said person as a driver or operator has been suspended or revoked."

A jury was waived and the cause submitted to the county court upon a stipulation of facts.   Thereafter the court filed a journal entry of judgment finding defendant not guilty of said misdemeanor and discharging him. The state then appealed upon a reserved question of law.

In the case of State v. Waldrep, 80 Okla. Cr. 230, 158 P. 2d 368, 369, it is held:

"In a criminal case the State may appeal to this court:   First, from a judgment setting aside an indict-

ment or information; second, upon an order of court arresting judgment; and, third, upon a question reserved by the State. An appeal upon a question reserved by the State does not bring up any part of the trial or proceedings of the case, except the question reserved and the judgment of acquittal, and if such question reserved is decided in favor of the State, it simply settles that question of law and does not affect the verdict of acquittal."

In the journal entry of judgment, the trial court made the following findings:

"That the petitioner, Earl Claude Moyer, is a reputable law-abiding citizen of Carter county, Oklahoma; that at the time he entered plea of guilty in Durant, Oklahoma, to the charge of drunken driving that he had had a drink of liquor at ten o'clock a. m., and that the accident leading to the filing of this charge occurred at four o'clock p. m.; that he was also charged with reckless driving and paid a fine therefor; that the evidence does not show that he was intoxicated or that he was guilty of drunken driving, and tends to show that he entered pleas of guilty in these two cases to avoid delay; that no notice was given to him by the Commissioner of Public Safety, and that he had no opportunity to defend himself; and it appears from the evidence that the Commissioner of Public Safety abused his discretion in revoking the license of this petitioner and that said revocation should be set aside and license restored."

Under the stipulation of facts, it is shown that the State Commissioner of Public Safety entered an order suspending the driver's license of defendant for a period of one year, after he had been furnished with a certified copy of the judgment showing that defendant had entered a plea of guilty in the city court of Durant, Oklahoma, to driving a motor vehicle while under the influence of intoxicating liquor. After the order of suspension of the driver's license was made by the Commissioner, the defendant, pursuant to the provisions of Tit. 47, § 300, O.

S. 1941, filed a petition in the county court asking that court to review the action of the Commissioner in suspending the license and further praying that the county court restore the driver's license to the defendant. After the journal entry of judgment was rendered by the county court, the Commissioner of Public Safety appealed to the district court, and it was during the period of time between the order of the county court restoring the driver's license of the defendant and the time before the appeal was heard in the district court that the defendant drove his automobile on the public highways of Carter county, which was the basis for the action herein filed.

It is the contention of the state that the order of the county court restoring the driver's license to the defendant was stayed by operation of law pending the decision of the appeal by the Commissioner to the district court.

In the brief on behalf of the state, a determination is sought as to the legal effect of the judgment and order of the county court setting aside the order of suspension of the Commissioner of Public Safety after the Commissioner of Public Safety had taken an appeal from such order and judgment of the county court to the district court and said appeal duly lodged in said district court.

A decision of this question necessarily involves the construction of a number of statutes of this state in existence at the time of the alleged crime concerning the issuance of drivers' licenses by the Commissioner of Public Safety, and orders of suspension, denial and cancellation of said drivers' licenses, together with the procedure authorized by law for appeals taken by operators and chauffeurs from such orders, all of which are found under chapter 9, section 271 to 311, Title 47, O. S. 1941.

Section 296 of Title 47 reads as follows:

"(a) Whenever any person is convicted or pleads guilty in any court to an offense involving the use of a motor vehicle, such court shall make immediate report to the Commissioner of Public Safety setting forth the name of the offender, the number of the operator's or chauffeur's license, and the penalty imposed.

"(b) The Commissioner of Public Safety may in his discretion suspend or revoke the licenses of such person, such suspension or revocation being in addition to the punishment imposed by the court.

"(c) Any person whose license is so suspended or revoked under the provision of this Section shall have the right of an appeal as otherwise provided for in this Act."

Section 297 reads as follows:

"The Commissioner shall not suspend a license for a period of more than one (1) year and upon revoking a license shall not in any event grant application for a new license until the expiration of one (1) year after such revocation."

Section 298 reads as follows:

"The Commissioner upon suspending or revoking a license shall require that such license and the badge of any chauffeur whose license is suspended or revoked shall be surrendered to and be retained by the Commissioner except that at the end of the period of suspension such license and any chauffeur's badge so surrendered shall be returned to the licensee."

The sections of the statute above quoted vest discretionary powers in the Commissioner of Public Safety, which powers have been held to be executive and ministerial, and not judicial. Gentry v. Blinn, 184 Okla. 9, 84 P. 2d 27; Ashcraft v. State, 68 Okla. Cr. 308, 98 P. 2d 60; Commonwealth v. Funk, 323 Pa. 390, 186 A. 65.

Section 300 of Title 47, reads as follows:

"Any person denied a license or whose license has been canceled, suspended, or revoked by the Commissioner, except where such cancellation or revocation is mandatory under the provisions of this Act, shall have the right to file a petition in the county court within thirty (30) days thereafter for a hearing in the matter in the county wherein such person shall reside, and such county court is hereby vested with original jurisdiction, and it shall be its duty to set the matter for hearing within thirty (30) days, written notice being given to the Commissioner, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license, or is subject to suspension, cancellation, or revocation of license under the provisions of this Act. Appeals may be heard from the order, decision or judgment of the county court to the District Court sitting in and for such county. The District Court is hereby vested with final appellate jurisdiction in all cases arising under the provisions of the Section."

This section of the statute, which was in force at the time of the commission of the offense charged under section 303, Title 47, provides for an appeal, which has been many times held to be a civil proceeding as distinguished from criminal, and also a special proceeding, and the power and authority of the court thereunder held to be strictly limited to the jurisdiction and authority therein expressly conferred. See: Gentry v. Blinn, supra; Ashcraft v. State, supra; Commonwealth v. Funk, 323 Pa. 390, 186 A. 65, supra; Commonwealth v. Cronin, 336 Pa. 469, 9 A. 2d 408, 125 A. L. R. 1455; Appeal of Oesterling, 347 Pa. 241, 31 A. 2d 905; Bureau of Highway Safety v. Wright, 355 Pa. 307 to 312, 49 A. 2d 783, 785.

It appears that the Oklahoma statutes above quoted were patterned after and follow almost verbatim the language of the statutes of the State of Pennsylvania on this

108

subject. The Secretary of Revenue of the State of Pennsylvania performs the same duties relative to the suspension and revocation of drivers' licenses as is performed under Oklahoma statutes by the Commissioner of Public Safety.

In the case of Bureau of Highway Safety, Appellant, v. Wright, supra, it is stated:

"Upon an appeal from a suspension by the Secretary of Revenue of an operator's license, it is not only the duty of the court to hear de novo the witnesses for the Commonwealth and those for the licensee, but it is also the court's duty to determine anew (from the testimony taken) whether the operator's license should be suspended': See Commonwealth v. Funk, supra, 323 Pa. [390] at page 399, 186 A. 65, 69, quoted in like connection a number of times and uniformly followed. No determination, so supported, was made by the court below. On the contrary, the learned hearing judge found, and the findings are fully supported by the testimony, that the licensee 'was guilty of reckless driving' and that 'the officer making the arrest would have been derelict in his duty had he not made the arrest.' Such findings necessarily operated to justify the suspension of the license. As we said in Oesterling's Appeal, supra, 347 Pa. [241], at page 243, 31 A. 2d 905, 906, in quoting from Commonwealth v. Funk, supra: ' "Suspension of the licensee's operating privilege is authorized * * * when the secretary finds upon sufficient evidence that the offenses enumerated have been committed. * * * The secretary of revenue. fulfills the statutory mandates by holding the hearing and by finding (upon sufficient evidence) that the (licensee has) violated the motor vehicle laws of this Commonwealth." ' The lower court's reinstatement of the license, in direct denial of its own relevant and supported findings, amounted to an abuse of discretion. The jurisdiction conferred by Sec. 616 of the Vehicle Code, [75 P. S. § 193], upon courts of common pleas does not authorize them to act either arbitrarily or capriciously with respect to the rein-

statement of a suspended license. There must be a justifiable factual basis for the court's action in the premises."

In the case of Gentry v. Blinn, supra, 184 Okla. 9, 84 P. 2d 30, the Supreme Court of Oklahoma stated:

"The power conferred upon the Commissioner to revoke the license is administrative and not judicial. Commonwealth v. Funk, supra, and as we view it the law may be exercised in the manner and to the extent provided and required by the statutes * * *."

In the case of Ashcraft v. State, supra, 68 Okla. Cr. 308, 98 P. 2d 68, this court quoted with approval from the case of Gentry v. Blinn, supra, and stated:

"This order (of suspension) should be entered by the Commissioner of Public Safety when the record is certified to him by the court after final conviction as above outlined."

In the absence of a statute conferring greater powers upon the reviewing court, as a general proposition, courts may review administrative determinations only in cases where:

1. Such determination is without or in excess of statutory powers and jurisdiction of the administrative authority. H. F. Wilcox Oil & Gas Co. v. State, 162 Okla. 89, 19 P. 2d 347, 86 A. L. R. 421.

2. A power has been extended in an arbitrary or unreasonable manner so as to virtually transcend authority conferred. Dismuke v. United States, 297 U. S. 167, 56 S. Ct. 400, 80 L. Ed. 561.

3. Where from the record there appears evidence of fraud or abuse of discretion, then such determination constitutes an abuse of discretion. Morris v. Duby, 274 U. S. 135, 47 S. Ct. 548, 71 L. Ed. 966.

4. Such determination is in disregard to the fundamental rules of due process of law. Gray v. Powell, 314 U. S. 402, 62 S. Ct. 326, 86 L. Ed. 301.

These principles have been applied by the courts of many states in construing the provisions of the statutes of such states regulating the issuance and suspension of drivers' licenses. See Burgess v. Mayor et al., 235 Mass. 95, 126 N. E. 456; Commonwealth v. Cronin, 336 Pa. 469, 9 A. 2d 408, 125 A. L. R. 1455.

In the findings of the county court, it was stated that the court found that the petitioner was a reputable citizen and had only taken one drink of intoxicating liquor about five hours previous to his pleading guilty to drunken driving, and that under the evidence the court found that he was not guilty of drunken driving; but he further found that the defendant was charged with reckless driving and paid a fine therefor. There was no finding by the county court that the defendant was not guilty of reckless driving. The county court further stated in its findings that no notice was given to defendant and he had no opportunity to defend himself before the Commissioner and concluded "that the Commissioner of Public Safety abused his discretion in suspending his driver's license".

The county judge acted mistakenly in his conclusion that the Commissioner had abused his discretion, because no notice and an opportunity to appear before the Commissioner had been given to the accused. Tit. 47 § 296, O. S. 1941, expressly gives the Commissioner authority and discretionary power whenever he is furnished with a record from any court showing a plea of guilty or conviction of any offense involving the use of a motor vehicle upon the highways, to suspend or revoke the driver's license. Nowhere in the statutes have we found any re-

quirement to give the licensee any notice of hearing before the Commissioner may take such action. The acts of the Commissioner are purely executive and administrative and not judicial.

It is well to direct attention to the fact that during the 1947 legislative session, §§ 296 and 300, supra, were amended. Laws 1947, P. 318, §§ 9, 10, 12. This amendment was adopted after the appeal herein was lodged and was for the evident purpose of clarifying some of the questions here raised.

The amendment to section 300, supra, enlarges the authority of the county court upon appeal by providing:

"Upon said hearing said court shall take testimony and examine into the facts and circumstances of the offense of which said licensee was convicted or plead guilty, and determine whether said facts justified said conviction or judgment upon which said order of suspension or denial of license was issued by the Commissioner, and to also determine whether, from such testimony and said licensee's previous driving record in the operation of a motor vehicle, said order of suspension was for a longer period of time than such facts warrant. In case the court finds that said conviction or denial of license was not justified, the court may sustain said appeal, vacate the order of the Commissioner, and direct that said license be restored to the petitioner, or the court may, in case he determines the conviction was justified, but that the period of suspension was too long, enter an order modifying the same."

Said section further provides that the licensee may stay or supersede any order or suspension made by the Commissioner by executing a bond in the sum and in the amount prescribed by the statute. When this bond is executed, the order or suspension is superseded until the appeal becomes final. If the bond is not executed, then

the order of the Commissioner remains in effect until the appeal is heard in the county court. If no supersedeas bond is made but on appeal the county court, after a hearing reinstates the license, then the driver may again legally operate his automobile even though an appeal is taken by the Commissioner to the district court. If no supersedeas bond is made pending the appeal to the county court and the driver loses on his appeal, he may thereafter appeal to the district court and under the statute he may supersede or stay the order of the Commissioner pending the decision in the district court. These provisions of the statute passed after the appeal was lodged in the instant case have clarified the question raised as to the effect on the order of the county court reinstating a license of an appeal to the district court by the Commissioner.

The statute, Tit. 47, § 300, O. S. 1941, makes no provision for a hearing de novo in an appeal from the judgment of the county court to the district court. In the absence of a statutory provision authorizing the hearing of the case de novo on appeal to the district court, the appeal to such court should be by transcript and the district court would be limited to an examination of the record to determine whether the findings of the county court are supported by competent evidence and to correct any conclusions of law erroneously made. Bureau of Highway Safety v. Wright, supra.

In view of the present enlarged provisions of the Code above shown, and in further consideration of the fact that the defendant herein has been acquitted and finally discharged, we feel that it is unnecessary to discuss the second proposition presented by counsel for the state as to the effect of the appeal by the Commissioner to the district court from the order of the county court reinstating

the license of the accused. Since the defendant was discharged and the rendition of any opinion would not have any bearing upon future prosecutions because of the passage of the later act clarifying this proposition, we feel that this question is moot and no expression of this court is necessary.

BAREFOOT, P. J., and BRETT, J., concur.