Marvin BRANTLEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–76–21.

Court of Criminal Appeals of Oklahoma.

April 7, 1976.

Sidney J. Gorelick and Thomas R. Cook, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Judge:

The Appellant, Marvin Brantley, hereinafter referred to as defendant, was charged by Information in the District Court of Oklahoma County, Case No. CRM–75–2852 with the crime of Possession of Marihuana. A jury was waived and the cause submitted to the trial court upon a stipulation of record to the effect that if Oklahoma Highway Patrol Officer Johnny Potts was called to testify his testimony would be the same as appeared in the transcript of the hearing on defendant's Motion to Suppress; that the substance found in the defendant's glove box was marihuana and that the defendant had no driver's license at the time of his arrest and trial. The trial court found the defendant guilty as charged and punishment was assessed at a one (1) year suspended sentence. From said judgment and sentence the defendant has perfected his timely appeal.

During the hearing on the defendant's Motion to Suppress, Officer Potts testified that the defendant was stopped at a nonselective wholesale driver's license and safety check by roadblock in Oklahoma County on the 6th day of September, 1975. When asked for his driver's license, the defendant advised Potts that he did not have one because it had been suspended for driving while under the influence of alcohol. The driver's license suspension was confirmed by a radio check and the de-

fendant was then placed under arrest and advised that he would be transported to the Oklahoma County jail. Potts then called headquarters, requested a wrecker and performed an inventory search of the vehicle, finding a bag of marihuana in the glove box.

The defendant's first assignment of error urges that the trial court erred in not sustaining defendant's Motion to Suppress the evidence for the reason that the driver's license and safety check amounted to an unreasonable search and seizure, that the statutes permitting such driver's license checks were unconstitutional and that the marihuana found in the glove box was not admissible as evidence due to said unlawful restraint of the defendant.

■ In *State v. Moyers*, 86 Okl.Cr. 101, 189 P.2d 952, this Court in its syllabus held that the Legislature, in exercise of its right to regulate the use of highways and of the inherent police power of the state, has the power to regulate circumstances under which automobiles may be operated upon the highways of the state. Section 6–112 of Title 47 provides as follows:

"Every licensee shall have his operator's or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same upon demand of . . ., a peace officer, or a field deputy or inspector of the Department. . . ."

It is, therefore, apparent that the state has the right to make routine and reasonable driver's license checks designed to insure the safety and welfare of its citizens by assuring that only licensed drivers are on the highways. See also *Edwards v. State*, Okl.Cr., 319 P.2d 1021, wherein this Court inferred that it would be reasonable for a peace officer to set up a roadblock for the purpose of the wholesale nonselective checking of drivers' licenses.

These views are in accord with general holdings and as expressed in 60 C.J.S. Motor Vehicles § 157, to-wit:

"By virtue of statute, a chauffeur or operator may be required to have his driver's license with him at all times while operating a motor vehicle and exhibit it when properly called on to do so, and it has been held that such statutes are a valid and proper exercise of the police power of the state. Reasonable regulation and supervision of automobile drivers are not only permissible but necessary in order to give effect to the statute requiring the carrying of a driver's license. So it has been held that the establishment of roadblocks by the police to stop all automobiles passing a certain point in order to make routine checks for driver's licenses is a reasonable exercise of the state's police power and does not violate an automobile driver's right to privacy or his right to use the public ways."

See also *State v. Holmberg*, 194 Neb. 337, 231 N.W.2d 672 (1975).

■ However, such a permissible and reasonable restraint of a driver and his vehicle for the particular purpose of checking licenses does not permit a peace officer to search the driver, occupants or vehicle. Therefore, the question before us in the instant case is whether the particular search of the defendant's vehicle was reasonable. We believe it was. The defendant, when asked to produce his license, voluntarily told Officer Potts that he did not have a license since his driving privileges had been suspended. Officer Potts, with reasonable cause, then placed the defendant under arrest and made arrangements for the vehicle to be impounded. The inventory search made of the vehicle was for the protection of the defendant and his property and was incidental to a valid arrest made after the defendant had committed a misdemeanor in the officer's presence. There is no question that the arrest of the defendant for driving a motor vehicle at a time when his privilege to do so had been suspended was in good faith and not a subterfuge for a subsequent search of the ve-

hicle. The defendant's first assignment is without merit.

 The defendant's last assignment of error urges that 63 O.S.1971, § 2–402 B 2, relating to the personal and private use of marihuana is unconstitutional. Again, we disagree. In our recent case of *Winters v. State*, Okl.Cr., 545 P.2d 786, this Court held that the proscription of the possession of marihuana is an appropriate application of the police power by the Legislature. *Couch v. State*, 71 Okl.Cr. 223, 110 P.2d 613, and *Doyle v. State*, Okl.Cr., 511 P.2d 1133. At the present time there is compelling evidence that the nonmedical use of marihuana is detrimental to the public health, safety and welfare. Therefore, the proscription of marihuana is a constitutional exercise of the police power. The defendant's last assignment is without merit and the judgment and sentence appealed should be, and the same is hereby, AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.