Marcus E. MOODY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–85–184.

Court of Criminal Appeals of Oklahoma.

June 10, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., and Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

PARKS, Judge:

The appellant, Marcus E. Moody, was convicted in a nonjury trial of Possession of Marijuana, After Former Conviction of Two Felonies in violation of 63 O.S.1981, § 2–401(B) in Noble County District Court, Case No. CRF–84–26, before the Honorable Lowell Doggett, District Judge. Punishment was set at twenty (20) years imprisonment. We affirm.

In his sole assignment of error, appellant complains that the trial court erred by failing to suppress evidence obtained from an inventory search of appellant's car following his arrest for driving without a license. Appellant argues that the stop of the appellant was not based on probable cause and was merely a subterfuge to search appellant's car. On this record, we must disagree.

The United States Supreme Court has held that "consistent with the Fourth Amendment, police may stop persons in the absence of probable cause under limited

circumstances." *United States v. Hensley,* 469 U.S. 221, 226, 105 S.Ct. 675, 679, 83 L.Ed.2d 604 (1985). A police officer may conduct an investigatory stop, in the absence of probable cause, when he observes unusual conduct which leads him reasonably to conclude in light of his experience that the person stopped is, or is about to be, engaged in criminal activity. *See United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981); *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). In the instant case, OHP Trooper Charles Hanger testified that he stopped the appellant's vehicle after he observed it weaving in its lane, saw it cross the lane line twice, and observed the occupants drinking something unidentified. Thus, on the foregoing basis, Trooper Hanger had a reasonable, articulable suspicion of criminal activity which justified his investigatory stop for the purpose of identifying and briefly questioning the appellant. *See United States v. Long,* 705 F.2d 1259, 1262 (10th Cir.1983). Moreover, by requesting the appellant to produce a valid driver's license for identification and by conducting a field sobriety test, the officer diligently pursued a means of investigation likely to confirm or dispel his suspicions quickly. *See United States v. Sharpe,* 470 U.S. 675, 686, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985). Appellant was not placed under arrest until he failed to produce a valid driver's license, and indicated that he was unable to post bond. A subsequent impoundment and inventory search of the vehicle revealed several items including twenty-two baggies of marijuana, a nearly empty bottle of gin, rolled joints, a cigarette rolling machine, and a pair of small scales.

We find that the appellant was legally stopped and validly placed under arrest for driving without a valid license in violation of 47 O.S.1981, § 6–112. *See Brantley v. State,* 548 P.2d 675, 676 (Okl. Cr.1976). *See also United States v. Long, supra.* Accordingly, on this record, we must reject appellant's contention that the initial stop and subsequent inventory search was improperly made without probable cause as a subterfuge. *Brantley, su-*

*pra.* Appellant has not claimed that the impoundment or inventory was improper.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.