Appeal of LEWIS.

No. 35682.   May 26, 1953.

*258 P. 2d 173.*

Lynn W. Norman, Sulphur, and Luttrell & Luttrell, Norman, for appellant.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., Oklahoma City, for respondent.

O'NEAL, J. The appellant in these proceedings is a physician and surgeon engaged in the practice of medicine and surgery in the city of Sulphur, Oklahoma. Previous to the occurrences disclosed by the record, the appellant had practiced his profession at Granite, Oklahoma.

On the afternoon of the 4th day of November, 1951, appellant was driving his automobile in a westerly direction on a state highway at a point approximately six miles east of the city of Lawton, Oklahoma, at which point he was arrested by a state highway patrolman and was taken to Lawton, charged with the offense of driving an automobile while under the influence of alcoholic beverages and detained in the county jail until the following day when he was released upon bond. At a subsequent date this charge was reduced to a charge of reckless driving and, as so modified, upon re-arraignment, appellant pleaded guilty and paid a fine in the sum of $150 and costs.

A report of the arrest and charge as modified, the plea of guilty thereunder, and the fine imposed in conformity with 47 O.S. 1951 §296, was prepared and filed by the arresting officer with the Commissioner of Public Safety.

On March 19, 1952, the Commissioner of Public Safety suspended the driver's license of the appellant for a period of six months from the date of the order. Appellant filed a petition in the county court of Murray county, Oklahoma, praying that the order of the Commissioner of Public Safety be vacated and set aside. Upon the hearing had in the county court on May 27, 1952, the court vacated and set aside the order of the Commissioner of Public Safety suspending appellant's driver's license. The Commissioner of Public Safety appealed to the district court where, on July 29, 1952, the latter court entered a judgment finding that the judgment and order of the county court was arbitrary and capricious, and, therefore, vacated the same. From the judgment of the district court, the appellant has perfected this appeal and for reversal asserts that the offense to which the appellant entered a plea of guilty was not an offense under section 295 of 47 O.S. 1951, making it mandatory that the appellant's driver's license be revoked, but is a case making the matter of the revocation or suspension of a driver's license discretionary with the Commissioner of Public Safety as provided in section 296 of Title 47 O.S. 1951.

Appellant contends that under the construction given to the Act in State v. Moyers, 86 Okla. Cr. 101, 189 P. 2d 952, by the Criminal Court of Appeals of this state, the district court is limited to an examination of the testimony produced in the county court, and that the judgment there rendered cannot be disturbed except for manifest abuse of discretion or errors of law. We concur in the interpretation thus placed upon the Act and this construction will compel our review of the evidence as shown by the transcript of the proceedings.

The court in the Moyers case held that under the discretionary powers vested in the Commissioner of Public Safety under 47 O.S. 1951 §§296 and 297 to suspend a driver's license, that the Commissioner acts in an executive or administrative capacity as distinguished from a judicial capacity. Section 296 of the Act provides that whenever any person pleads guilty to any offense relative to the operation of a motor vehicle upon a public highway, the court shall report the proceedings had to the Commissioner of Public Safety. The Commissioner of Public Safety upon receipt of such report may, in his discretion, suspend the driver's license of such person, not to exceed one year, based upon the record of such conviction together with the record and re-

ports on file in the office of the Commissioner of Public Safety. The appellant's driver's license was suspended under the provisions of section 296 (the discretionary suspending statute) and not under section 295, which latter section makes it the mandatory duty of the Commissioner of Public Safety to enter an order of revocation of license upon the receipt of a report of conviction. Under section 300, a person whose driver's license has been revoked by the Commissioner of Public Safety, if the revocation is under section 295, cannot appeal the order of suspension to the county court for a trial de novo. The right to appeal is granted under section 300 only in cases arising under section 296, under the discretionary provision of the statute. Gentry v. Blinn, 184 Okla. 9, 84 P. 2d 27; Ashcraft v. State, 68 Okla. Cr. 308, 98 P. 2d 60.

The county court under section 300 has original jurisdiction to take testimony in cases where the licensee pleads guilty to an offense under section 296, as well as in cases of conviction under said section. If the county court finds the Commissioner's order is not justified he may vacate the same and order the license restored. If he finds the order justified but concludes the period of suspension was too long, he can reduce the term of such suspension.

The licensee or Commissioner may appeal from the final order of the county court to the district court upon a certified transcript of the proceedings. Likewise, either party may appeal the final order of the district court to the Supreme Court by transcript in like manner as an appeal is taken from the county court to the district court. The county court in the instant case set aside the order of suspension. The district court vacated the order of the county court and reinstated the order of the Commissioner of Public Safety.

We have examined the testimony of the witnesses disclosed in the transcript and find the judgment of the district court is supported by substantial evidence. This is a special proceeding as distinguished from criminal, and the county court cannot, upon trial de novo, act arbitrarily with respect to the reinstatement of a suspended driver's license, but its order must, as in all judicial proceedings, be based upon a justifiable and factual basis.

A resume of the evidence tends to establish these facts: Rufus Carothers was driving east on a public highway approximately six miles east of Lawton, and as he approached a Ford car driven by appellant he observed that appellant's car was not under control, and to avoid an accident he drove off of the paved highway. Mr. Carothers stated that appellant was either drunk, dopey, or crazy — that he was not normal. Carothers reported the near accident to the Highway Patrol and when the patrolman arrived they found appellant standing near his car which had gone off of the highway and into a ditch along the road. Appellant stated that he was driving from Sulphur to Lawton, and had stopped at Duncan, Oklahoma, and drank a soft drink and one whisky. He stated that he lost control of his car due to a soft condition of the embankment. He testified that he had been ill for days prior to his arrest with a chest infection and had been taking aureomycin, terramycin and phenatol compound tablets, and that the effect of these tablets made him groggy and drowsy.

Upon cross-examination appellant admitted that on November 21, 1951, he was charged with the offense of being drunk in a public place; that he pleaded guilty to said charge and paid a fine thereon. We do not think that this evidence was competent for the reason that under the Act here in review the latter charge was not connected with the operation of a motor vehicle upon a public highway.

For reasons not disclosed in the record, the Commissioner of Public Safety did not revoke or suspend appellant's driver's license until five months after

his arrest and conviction upon the charge of reckless driving. The evidence produced in the county court by the Commissioner consisted of a report prepared and filed by the arresting patrolman which, among other things, disclosed that appellant was charged, under date of November 4, 1951, with driving an automobile while under the influence of intoxicating beverages; that appellant's car ran another car off of the paved highway; that he was very drunk; that he placed him in the county jail at Lawton, Oklahoma, and that he found one pint bottle of whisky about half full in the car. This report is admissible in the proceedings had in the county court under section 300 of Title 47, supra.

Lt. C. W. Adams, in charge of the Highway Patrol at Lawton, went to the place where the near accident occurred and found that appellant's car had left the road and was in a ditch, and that appellant was standing near his car. He testified that appellant smelled strongly of alcohol, and that he walked with difficulty; that he had trouble in getting him into his patrol car; that he conveyed him to the county jail at Lawton, and turned him over to the deputy sheriff, M. T. McCracken, who placed him in jail. The witness stated that from his demeanor, the smell of liquor upon his breath, his thickness of speech and his inability to walk, he concluded definitely that the man was drunk.

We need not refer to the events in more detail as we conclude the evidence substantially supports the finding of the district court. The state need not establish the charge beyond a reasonable doubt as it is required to do in a criminal case. We think the charge of reckless driving is sustained by substantial evidence.

We think that under the record in this case the judgment of suspension should be, and it is hereby reduced to a period of ninety days, effective the date mandate is spread of record in the district court of Murray county, Oklahoma, and the trial court is directed to require appellant to surrender his driver's license to the trial court to be forwarded to the Commissioner of Public Safety, to be retained by him during the period of suspension, and then returned to appellant.

The judgment of the trial court as modified is affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and DAVISON and WILLIAMS, JJ., concur. CORN and BLACKBIRD, JJ., concur in affirmance and dissent as to reduction.