**In the Matter of the Suspension of Driver's License of Teddie Gordon METCALF.**

**No. 44644.**

Supreme Court of Oklahoma.

Sept. 12, 1972.

James M. Springer, Jr., Stillwater, for Teddie Gordon Metcalf.

Larry L. Bays, Associate Counsel, Oklahoma Dept. of Public Safety, Alva, for Oklahoma Dept. of Public Safety.

LAVENDER, Justice.

This appeal arises in a proceeding involving an order of the Department of Public Safety, acting through the Commissioner of Public Safety, suspending the Oklahoma driver's license of Teddie Gordon Metcalf for a period of three months.

The order of suspension was made under authority of 47 O.S.1961 (1971) § 6–206 upon receipt by the Department, from the Municipal Court of the City of Cushing, Oklahoma, of a report of Metcalf's conviction in that court of a driving violation. That conviction was on a charge of driving while under the influence of intoxicating liquor.

That statute provides, in subsection (b) thereof, that, upon receipt of a court's report of a person's conviction, or pleading

guilty, on a charge of violating a statute or ordinance regulating the operation of motor vehicles on the highways of this state, the Department of Public Safety may, in its discretion, suspend the license of such person for such period of time, not exceeding twelve months, as in its judgment is justified from the record of such conviction together with the records and reports on file in the Department.

That statute also provides, in subsection (c) thereof, that any person whose license is suspended under the section shall have the right of appeal, as provided in Section 6–211. Metcalf, as provided in 47 O.S.1961 § 6–211, as amended in 1969, filed his petition in the district court of Payne County, Oklahoma. After a hearing thereon, the district court vacated the order of suspension. As authorized by subsection (i) of the same statute, the Department of Public Safety, acting through the Commissioner of Public Safety, has appealed therefrom to this court.

A proceeding under Section 6–211 may involve the denial, cancellation, suspension or revocation of a license, except in instances in which such Departmental action is mandatory under the statutes. Concerning the district court hearing in such a proceeding, subsection (e) of Section 6–211 (divided herein for clarity) provides:

"Upon said hearing said court shall take testimony and examine into the facts and circumstances, including all of the records on file in the office of the Department of Public Safety relative to the offense committed and the driving record of said licensee, and determine *from said facts, circumstances and records* whether the petitioner * * * shall be subject to the order of denial, cancellation, suspension or revocation issued by the Department.

"The court may also determine whether, *from such testimony of said licensee's record in the operation of motor vehicles,* said order was for a longer period of time than *such facts and circumstances warranted.*

"In case the court *finds that said order was not justified,* the court may sustain said appeal, vacate the order of the Department and direct said license restored to the petitioner.

"The court may, *in case it determines the order was justified,* but that the period of suspension was excessive, enter an order modifying the same." (Emphasis supplied).

As disclosed by the evidence introduced by Metcalf at the hearing in this case, the Department's file concerning his driving record include reports of the following incidents:

On March 2, 1959, he paid a $10 fine in a JP court at Stillwater, Oklahoma, on a charge of speeding.

On January 12, 1960, he paid a $10 fine in a JP court at Perry, Oklahoma, on a charge of failure to stop at a stop sign.

On September 1, 1960, he pleaded guilty in the County Court of Payne County, Oklahoma, and paid a $25 fine, on a charge of speeding in the nighttime.

On August 11, 1961, he pleaded guilty in a JP court at Stillwater, Oklahoma, and paid a $10 fine, on a charge of speeding in the nighttime.

On August 17, 1962, he pleaded guilty in a JP court at Stillwater, Oklahoma, and paid a $10 fine, on a charge of speeding in the nighttime.

On July 17, 1965, he was given a written warning by a Highway Patrol trooper for making an improper turn.

On April 11, 1966, he was given a written warning by a Highway Patrol trooper for failure to dim his lights.

On September 24, 1968, he pleaded guilty in a JP court at Pawnee, Oklahoma, on a charge of driving 65 m. p. h. in a 55 m. p. h. zone.

On July 9, 1970, he was convicted in the Municipal Court of the City of Cushing, Oklahoma, on a charge of driving while under the influence of intoxicating liquor.

The last-mentioned report is the one that precipitated the order of suspension involved herein.

As a witness at the district court hearing, Metcalf admitted that he had been guilty on all of the charges shown on that record except the drunk-driving charge, but stated that, in each instance of speeding, he was only nine or ten miles per hour over the applicable speed limit.

According to his testimony, at the time of this arrest on the drunk-driving charge, he had been fishing, came into Cushing for some gas, and was almost out of town when the policeman stopped him. The officer, after indicating that he thought Metcalf's citizens band radio was a police band radio, asked what kind it was and, being mad by that time, Metcalf refused to tell him. The officer then asked him if he had been drinking and he told the officer he had had "a few beers." The officer then arrested him and searched his car. He did not think he was guilty of the drunk-driving charge, so did not employ an attorney to represent him, although he did try to contact his present counsel. The judge found him guilty on the testimony of the arresting policeman. He was 34 years of age at the time of the conviction, and was 23 when he was arrested on the reported speeding charge in 1959.

Over the Department's objections, Metcalf was allowed to testify that he was then in the business, in Stillwater, of working on, and repairing foreign cars, and had been for the past nine years; that he provided pick-up and delivery of his customers' cars; that it was necessary to drive the cars after working on them and, some times, before working on them; that, although he had two mechanics working for him at his place of business, some of his customers expected him to do the check-out' driving as well as picking up and delivering of their cars; and that being unable to drive any cars, for lack of a driver's license, for three months would hurt his business.

Metcalf's attorney made it clear to the trial court that he was asking the court to vacate the Commissioner's order entirely. The trial court overruled the Department's demurrer to Metcalf's evidence, outlined above. The Department elected to stand on its demurrer. The trial court vacated the Commissioner's order. The Department appealed to this court.

It contends that the district court's authority in these cases is derived entirely from, and is limited by, the provisions of subsection (e) of Section 6–211, supra; that they do not authorize the admission of evidence concerning hardship which might result from a suspension of a driver's license; and that, under the admissible evidence in this case, the three-month suspension ordered by the Commissioner was warranted and should be sustained. We Agree.

Metcalf contends that, on the basis of the "minor" nature of his driving violations and the testimony concerning hardship, the district court, acting as a court of equity in such cases, was authorized to vacate the order of suspension. The trial judge indicated that that was his theory of such cases.

We find no support for Metcalf's theory that the district court exercises its equitable jurisdiction in reviewing these discretionary suspension cases, and, therefore, may vacate a suspension order on the basis of hardship.

Insofar as pertinent herein, the provisions of Sections 6–206 and 6–211, supra, are substantially the same as the provisions of 47 O.S.1951 §§ 296 and 300, involved in Appeal of Lewis (1953), 208 Okl. 610, 258 P.2d 173. Section 296 provided for review by the county court (now abolished) of the Commissioner's orders, and for appeal therefrom to the district court, and then to this court. The provisions concerning the county court now apply to the district court.

In the third and fourth paragraphs of its syllabus to the Lewis case, this court held:

"An appeal provided by statute from order of the Commissioner of Public Safety suspending driver's license is a

special proceeding * * * and the court has only such jurisdiction therein as is expressly conferred by statute. 47 O.S.1951 § 300."

"County Court on appeal from order of the Commissioner of Public Safety may not act arbitrarily with respect to reinstatement of a suspended driver's license, but there must be a justifiable factual basis for the County Court's action in the premises. 47 O.S.1951 § 300."

This court held in that case that testimony concerning the petitioner's having pleaded guilty to a charge of being drunk in a public place was inadmissible, under the statute, for the reason that the charge was not connected with the petitioner's operation of a motor vehicle upon a public highway. Under that rule, testimony concerning hardship which might result, in the future, from the suspension of the driver's license of the petitioner would not be admissible in the district court hearing.

Although in paragraph five of the syllabus by the court in the Lewis case we expressed the view that in this court hardship could be considered in determining whether to reduce the suspension period, we are now of the opinion that such view was erroneous. Neither this court nor the trial court may consider evidence of hardship to the petitioner in a proceeding under the above mentioned statutory procedure to suspend one's driving privileges. Appeal of Lewis, supra, insofar as the same is contrary to the above view, is overruled.

Unlike 47 O.S.1961 (1971) § 7–505, relating to license suspensions under the Financial Responsibility Act, neither Section 6–211 nor any related statute, authorizes the court to modify an order of suspension on the basis of hardship.

The trial court erred in the present case in admitting evidence concerning hardship which might result, in the future, from the suspension of Metcalf's driver's license. It follows that this court may not consider that evidence.

The Commissioner's suspension of Metcalf's driver's license was justified un-

der the evidence concerning his driving violations. The three-month suspension ordered by the Commissioner was warranted under that evidence and was not excessive.

The order of the trial court, vacating the Commissioner's order of suspension, is reversed and the cause remanded with directions to sustain the Department's demurrer to Metcalf's evidence and to sustain the order of suspension as entered.

DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, and BARNES, JJ., concur.