Elda Roy **WINTER**, Appellant,

v.

William E. **MAYBERRY**, Commissioner of
the Department of Public Safety,
Appellee.

No. 46962.

Supreme Court of Oklahoma.

March 18, 1975.

Bill G. Lowe, Oklahoma City, for appellant.

Stephen G. Fabian, Jr., Associate Counsel, Dept. of Public Safety, Oklahoma City, for appellee.

BARNES, Justice:

The Appellant Winter was convicted by the Municipal Court of Oklahoma County, a court of record, for driving a motor vehicle upon a public highway while under the influence of intoxicating liquor. The Commissioner of Public Safety issued an order suspending his automobile driver's license for a period of six months. Appellant is now appealing the decision of the District Court of Oklahoma County, Oklahoma, which sustained the Appellee's demurrer.

Appellant is a truck driver and has no other training or skills. He contends that to suspend his license to operate a motor vehicle will effectively prevent him from earning a living or maintaining his employment, and to allow the State of Oklahoma to deprive him of the right to earn a livelihood, while other citizens are granted that right, denies him the equal protection of the laws of the United States of America.

The Appellant's driver's license was suspended under 47 O.S.1971, § 6–205(2), which provides:

"The Department shall forthwith revoke the license of any operator or chauffeur upon receiving a record of

such operator's or chauffeur's conviction in any court of record of any of the following offenses, when such conviction has become final:

\* \* \* \* \* \*

"2. Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, or under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle; \* \* \*"

As long as persons similarly situated are treated equally, courts have held there is no violation of their right to equal protection. The Supreme Court of Oregon, in Heer v. Department of Motor Vehicles, 252 Or. 455, 450 P.2d 533, which was a case dealing with the revocation of a driver's license under Oregon's Implied Consent Law, quoted with approval the following language from Schutt v. Macduff, 205 Misc. 43, 127 N.Y.S.2d 116 [Sup.Ct.1954]:

> "The court, without hesitation, rejects the claim that the statute operates to deprive the petitioner of the equal protection of the laws guaranteed by our Federal and State Constitutions. \* \* \* The statute in question does affect alike all persons similarly situated, i. e., persons licensed to operate motor vehicles upon the highways \* \* \*."

In Robertson v. State Ex Rel. Lester, Okl., 501 P.2d 1099, this Court held:

> "The Oklahoma Implied Consent Law conforms to the constitutional due process requirement by providing notice and opportunity for hearing, providing for administrative hearing subject to judicial review and applying to all licensed motorists in an identical manner."

 In the case of In Re Metcalf, Okl., 501 P.2d 208, we held that neither this Court nor the trial court may consider undue hardship as a ground to vacate or modify an order of the Department of Public Safety in a statutory proceeding to suspend a person's driver's license. The fact that the suspension of the Appellant's driver's license will prevent him from earning a living, since he is a truck driver and has no other training or skills, may not be considered by this Court.

 We hold that 47 O.S.1971, § 6–205(2), treats all licensed drivers equally and does not violate the equal protection clause of the United States Constitution.

In accord with the foregoing, the judgment of the trial court is affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BERRY, LAVENDER and DOOLIN, JJ., concur.