In the Matter of Donald LEHMAN.

No. 49724.

Supreme Court of Oklahoma.

Feb. 27, 1979.

---

Charles Hill, Associate Counsel, Dept. of Public Safety, Oklahoma City, for appellant.

Bill E. D. Williams, Oklahoma City, for appellee.

HODGES, Justice.

This is an appeal by the Department of Public Safety from a hearing restoring Donald Lehman's [appellee] driver's license.

The appellee's license was revoked for refusal to submit to a chemical test of intoxication under the Oklahoma Implied Consent Law.[1] Upon appeal, the district court sustained the revocation but granted appellee a temporary license for the purpose of driving for his employment.[2] The hardship license was granted for September 3, 1975 to March 3, 1976, the period of the revocation. Later, the appellee was convicted of driving while under the influence of intoxicating liquor and on December 9, 1975, the Department of Public Safety sent appellee notice of revocation under 47 O.S. 1971 § 6–205.[3] The appellee then filed this

---

1. It is provided by 47 O.S.1975 Supp. § 753:

   "If a conscious person under arrest refuses to submit to chemical testing, none shall be given, but the Oklahoma Commissioner of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways, streets or turnpikes while under the influence of alcohol or intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license to drive and any nonresident operating privilege for a period of six (6) months; or if the person is a resident without a license or permit to operate a motor vehicle in this state, the Oklahoma Commissioner of Public Safety shall deny to the person the issuance of a license or permit for a period of six (6) months after the date of the alleged violation, subject to review as hereinafter provided. The revocation or denial shall become effective thirty (30) days after giving written notice thereof in accordance with Section 2–116 of Title 47, Oklahoma Statutes."

2. The hardship provision, 47 O.S.1975 Supp. § 755 states:

   "The district court may modify the revocation or denial in cases of extreme and unusual hardship to allow driving in the course of employment or to and from a place of employment."

3. It is provided by 47 O.S.1971 § 6–205 in pertinent part:

   "The Department shall forthwith revoke the license of any operator . . . upon receiving a record of such operator's . . . conviction . . . of any of the following offenses, . . . :

action in district court for the restoration of his license.

## I

■ Appellant asserts on appeal that the district court erred in its decision that the temporary license granted appellee by the district court under 47 O.S.1975 Supp. § 755 is not a driver's license which must be surrendered in accordance with 47 O.S.1971 § 6–205.

The statutory definition of a driver's license is very broad and includes temporary licenses or merely the privilege to drive a motor vehicle whether or not that person holds a valid license.[4] The hardship permit must certainly be considered a permit or privilege to drive a motor vehicle. Although the permit was issued by the district court instead of the Department of Public Safety, this is not significant pursuant to 47 O.S.1971 § 1–128 because the only requirement is that the license be issued under the laws of this state. The hardship permit issued under 47 O.S.1975 Supp. § 755 must, therefore, be included under the definition of a motor vehicle license as defined in 47 O.S.1971 § 1–128.

This Court must determine whether the mandatory revocation of 47 O.S.1971 § 6–205 applies to the hardship license granted to the appellee. In the decision of *In Re Metcalf, 501 P.2d 208 (Okl.1972)* this Court held that 47 O.S.1971 § 6–205 required mandatory revocation and that the courts are not allowed to consider hardship under such mandate. The hardship provision of 47 O.S. 1975 Supp. § 755 is for the use of those drivers who refuse a chemical test under the Implied Consent Law and was not in-

tended to frustrate the absolute mandate of revocation for driving while under the influence. The lower court's decision that the hardship permit issued under § 755 could not be revoked under § 6–205 conflicts with *Metcalf* and is thus in error.

## II

■ Appellant also asserts as error the district court's decision that the six-month period of revocation from September 3, 1975 to March 3, 1976, was the only period required for revocation under both 47 O.S. 1971 § 6–205 and 47 O.S.1975 Supp. § 753.

The district court's decision that the revocations under both § 6–205 and § 753 run concurrently need not be considered here. We have determined that the hardship license granted to the appellee is a license as defined by statute, and that the license is subject to revocation under § 6–205 for driving while under the influence. In accordance with 47 O.S.1971 § 6–208, the period of revocation shall not begin until the revoked license is surrendered to the Department of Public Safety.[5] The appellee never surrendered his hardship license; therefore, the period of revocation under § 6–205 has not started. We must conclude that the period of September 3, 1975 to March 3, 1976, when the appellee was driving under the hardship permit, has no effect upon the mandatory revocation period for conviction of driving while under the influence.

## III

Appellant has filed its brief-in-chief in compliance with the rules of this Court.

---

(2) Driving a motor vehicle while under the influence of intoxicating liquor."

**4.** A driver's license is defined by 47 O.S.1971 § 1–128 as:

"Any operator's, commercial chauffeur's or chauffeur's license or any other license or permit to operate a motor vehicle issued under the laws of this state including:

(1) Any temporary license or instruction permit;

(2) The privilege of any person to drive a motor vehicle whether or not such person holds a valid license."

**5.** It is provided by 47 O.S.1971 § 6–208:

"(b) Any person whose license or privilege to drive a motor vehicle on the public highways has been revoked shall not be entitled to have such license or privilege renewed or restored unless the revocation was for a cause which has been removed, except that after the expiration of six months from the date on which the revoked license was surrendered to and received by the Department such person may make application for a new license as provided by law."

Appellee failed to file an answer brief and was directed to show cause why the cause should not be submitted for adjudication on the brief-in-chief.

 Where no answer brief is filed, and the omission is unexcused, this Court is under no duty to search the record for some theory to sustain the trial court judgment, and will, ordinarily, where the brief-in-chief is reasonably supportive of the allegations of error, reverse the appealed judgment with appropriate directions.[6]

The cause is reversed and remanded with directions to vacate the order restoring the appellee's driver's license.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

---

6.  *Harvey v. Hall, 471 P.2d 911 (Okl.1970); Cullison v. Triplett, 281 P.2d 743 (Okl.1955).*