Richard J. JAGER, Appellee,

v.

The **OKLAHOMA DEPARTMENT OF PUBLIC SAFETY**, Appellant.

No. 52387.

Court of Appeals of Oklahoma, Division No. 2.

Nov. 27, 1979.

Released for Publication by Order of Court of Appeals Dec. 27, 1979.

Randel C. Shadid, Edmond, for appellee.

Richard A. Cochran, Jr., Associate Counsel Dept. of Public Safety, Oklahoma City, for appellant.

NEPTUNE, Judge.

A vehicle driven by Richard Jager was stopped by a police officer in November of 1977 after the officer clocked the car going 42 miles an hour in a 35 mile zone and also observed that the vehicle changed lanes and made turns without giving a signal. The officer observed signs which indicated the driver was intoxicated so he arrested him for driving under the influence of alcohol. He advised the driver of Oklahoma's law of implied consent to a chemical test for determination of the alcoholic content of blood and of the consequences of refusal. 47 O.S. 1975 Supp. §§ 751 & 753. The driver refused to submit to the test.

The officer submitted a sworn report of the incident to the Department of Public Safety and, as a result, notice was given to the driver that his operator's license was to be revoked for six months. The driver requested an administrative hearing upon which the examiner sustained the revocation order.

The driver next filed a petition in the district court of Oklahoma County stating that the "conclusion of law and the order were contra to the evidence . . . ." As an alternative pleading the petition stated:

"That even assuming the finding and conclusions to be correct the plaintiff herein is a fully disabled veteran and should be allowed limited driving privileges in order to obtain medical treatment and care for relatives who are in ill health."

At the district court hearing in May of 1978, the court overruled the portion of the petition seeking to set aside the order revoking the driving privileges but modified the terms of the revocation so as to allow the driver limited driving privileges to the Veterans' Administration Hospital, to his mother's home, to his brother's nursing home, and to church on Sunday mornings. The court found this modification necessary

"due to extreme and unusual hardship, to-wit: The applicant lives alone and has no relatives who can transport him to get groceries; the applicant is a totally disabled veteran requiring treatment at least once a week at the Veterans' Administration Hospital in Oklahoma City, Oklahoma, and has no means of getting from his home to said hospital; the applicant's mother is an aged and infirmed person, living alone and not capable of driving and needing care by the applicant; and the applicant's brother is incapable of caring for himself and residing in a nursing home in Edmond, Oklahoma and needs attention by the applicant, and the applicant is the only party who can tend to his incompetent brother's needs; and the applicant has no means in which to get to and from church on Sunday."

The department appeals from the modification of the revocation order.

I

The instant appeal is based upon a single proposition:

"The district court erred in modifying the revocation to allow driving not in the scope of employment nor to and from employment."

The issue before the court is the interpretation of 47 O.S.1975 Supp. § 755, specifically that portion which provides:

"The district court may modify the revocation or denial in cases of extreme and unusual hardship to allow driving in the course of employment or to and from a place of employment."

The appellant contends the appellee does not come within the exception because the limited driving privileges granted him in the modification is not employment related.

■ It is clear the revocation provision for refusal to submit to chemical testing for alcohol is mandatory except for the above quoted exception. *Appeal of Turner*, Okl., 544 P.2d 1261 (1976). And the exception allows only for driving related to employment if extreme and unusual hardship is shown.

■ In the instant case there is no question that the appellee is not "employed" in the traditional sense. If the meaning of employment were extended to cover the appellee's situation, then in essence the statute would be read to allow for exceptions in cases of great hardship. Such might be a more farsighted and humane exception than the one enacted by the legislature; and it would be one to reach the conditions existing in the present case. However, the legislature has seen fit to give only a narrow exception. (As originally enacted, there was no exception. 47 O.S. 1971 § 753.) The appellee does not come within the present enacted statutory exception. There is no room for construction of the statute because its language is plain and unambiguous and the meaning is clear. *In re Martin's Estate*, 183 Okl. 177, 80 P.2d 561 (1938).

Despite the trial court's very humane desire to give the appellee some limited driving privileges and our persuasion to do likewise, the statute requires that the trial court's ruling be reversed and the order of revocation of appellee's driving privileges be reinstated.

Reversed with directions to reinstate the order of revocation.

BACON, P. J., and BRIGHTMIRE, J., concur.