**Virgil I. SPENCER, Appellee,**

v.

**STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 52779.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 6, 1981.

Released for Publication by Order of Court of Appeals Feb. 5, 1981.

Stephen G. Fabian, Jr., Oklahoma City, for appellant.

BOX, Presiding Judge:

An appeal by the Department of Public Safety from an order of the trial court modifying the revocation of the driver's license of the plaintiff, Virgil I. Spencer.

Spencer entered a plea of guilty to the crime of driving while under the influence of alcohol. Thereafter, the Department of Public Safety revoked Spencer's driver's license for a period of six months pursuant to 47 O.S.1971, § 6–205(2), which makes

revocation mandatory for a violation thereof.

After the order of revocation was entered, Spencer filed this action under 47 O.S.1971, § 6–211 in the District Court of Seminole County, Oklahoma, requesting that the revocation be modified on the ground that the revocation prevented him from having transportation to and from work, and, therefore, it imposed an undue hardship. After a hearing, the district court modified the revocation by an order that allowed Spencer to drive while his license was revoked, but only, to and from work.

The Department's Motion for a New Trial was overruled. It, then, perfected this appeal in the Supreme Court. The revocation of Spencer's license was stayed pending the outcome of this appeal.

■ The Department has properly filed its brief in chief; however, Spencer has not filed a brief. This omission is unexcused by the Supreme Court. Therefore, if the authorities and arguments in the Department's brief reasonably support the allegations of error in its petition, the cause will be reversed and remanded with instructions. *State ex rel. Dept. of Public Safety v. Sampson*, 477 P.2d 71, 73; *Harvey v. Hall*, 471 P.2d 911, 912; *Needham v. Hays*, 431 P.2d 441, 442–43.

The basic thrust of the Department's argument on appeal is that the district court was without authority to modify the revocation on the basis of hardship under 47 O.S.1971, § 6–211. In support of that argument, it relies on the decision in *Winter v. Mayberry*, 533 P.2d 968.

In that case Winter's driver's license had been revoked for six months under 47 O.S. 1971, § 6–205(2), following a conviction for driving under the influence of alcohol. Winter had requested the trial court to modify the revocation on the basis of undue hardship pursuant to his right of appeal from the mandatory revocation under 47 O.S. 1971, § 6–211. The defendant demurred, and the demurrer was sustained. On appeal the Supreme Court affirmed, stating, at 969:

In the case of *In Re Metcalf*, Okl., 501 P.2d 208, we held that neither this Court nor the trial court may consider undue hardship as a ground to vacate or modify an order of the Department of Public Safety in a statutory proceeding to suspend a person's driver's license. The fact that the suspension of the Appellant's driver's license will prevent him from earning a living, since he is a truck driver and has no other training or skills, may not be considered by this Court.

■ Clearly, 47 O.S.1971, § 6–211 does not allow modification of a revocation on the ground of undue hardship. *In re Turner*, 544 P. 1261, 1262. Under 47 O.S.Supp. 1975, § 755 a district court may modify a revocation on this ground in an appeal from a violation of 47 O.S.Supp.1975, § 753. *Id.; Jager v. Oklahoma Dept. of Public Safety*, Okl.App., 604 P.2d 388, 390. But the hardship provision of section 755 is for those drivers who refuse to take a chemical test under the Implied Consent Law, and it was not intended to frustrate the mandatory revocation for driving under the influence required by 47 O.S.1971, § 6–205. *In re Lehman*, 591 P.2d 700, 702.

Since the argument presented by the Department in its brief reasonably supports its allegations of error in its petition, we reverse and remand with instructions to set aside the order modifying the revocation entered by the Department of Public Safety and to reinstate the departmental order of revocation for the period ordered, giving Spencer credit for the time revocation was in force before the District Court order.

REVERSED AND REMANDED WITH INSTRUCTIONS.

REYNOLDS, J., concurring.