**Bruce Lynn WADE, Appellee,**

v.

**STATE of Oklahoma, ex rel., DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 55324.**

Supreme Court of Oklahoma.

April 20, 1982.

Stephen G. Fabian, Oklahoma City, for appellant.

BARNES, Vice Chief Justice:

Bruce Wade's drivers license was suspended under 47 O.S.1971 § 6–206[1] on March 28, 1980 as a result of the accumulation of excessive points under the Department of Public Safety's system that assigns points on the basis of citations received by the driver. After utilizing available departmental procedures, Wade filed a petition in the District Court that requested a modification of the suspension to allow him to drive during the course of his employment.

---

6. *In Re Morrison's Estate*, 187 Okl. 553, 104 P.2d 437, 440 (1940); *Hardridge v. Hardridge*, 168 Okl. 7, 31 P.2d 597 (1934).

1. 47 O.S.1971 § 6–206 provides in part:
   "Whenever any person is convicted or pleads guilty in any court having jurisdiction over offenses committed under this act, or any other act of this state or municipal ordinance regulat-
   ing the operation of motor vehicles or highways of this state, . . .
   The Department, . . . may in its discretion suspend the license of such person for such period of time (not exceeding twelve months) as in its judgment is justified from the records . . . ."

The District Court after evidence was presented, sustained the suspension of appellee's drivers license for three (3) months but modified the suspension to allow Wade to drive a vehicle during the course of his employment between the hours of 5:00 a.m. and 7:00 p.m. The Department of Public Safety appeals the District Court's decision.

The record reveals that the modification was ordered because of the hardship that Wade would suffer as a result of the revocation. The Department contends that neither the trial court nor the reviewing court may consider evidence of undue hardship.

In the case of *In re Metcalf*, 501 P.2d 208 (Okl.1972) we dealt with the same hardship issue. Metcalf's license was suspended for three (3) months under 47 O.S.1971 § 6–206. At the District Court proceeding, Metcalf introduced evidence to prove the economic hardship that the suspension would cause. The District Court vacated the department's order on that basis. We reversed the trial court's decision by ruling that neither this court nor the trial court may consider undue hardship as a ground to vacate or modify an Order of the Department of Public Safety in any statutory proceeding to suspend a person's drivers license.

We expressly stated that:

"The trial court erred in the present case in admitting evidence concerning hardship which might result, in the future, from the suspension of Metcalf's driver's license. It follows that this court may not consider that evidence."

 Metcalf was followed in *Winter v. Mayberry*, 533 P.2d 968 (Okl.1975) wherein Winter's drivers license was suspended under the mandatory revocation statutory proceeding of 47 O.S.1971 § 6–205(2).[2] We held that neither this court nor the trial court could consider hardship as a ground to vacate or modify a suspension order of the

Department of Public Safety in a statutory proceeding. The trial court can modify the length of the suspension if it finds it to be too severe under the facts and circumstances but it cannot give relief on the grounds of hardship.

We reverse and remand with directions to vacate the modification.

IRWIN, C. J., and LAVENDER, DOOLIN and WILSON, JJ., concurs.

HARGRAVE and OPALA, JJ., concur by reason of stare decisis.

HODGES and SIMMS, JJ., dissent.

---

**2.** 47 O.S.1971 § 6–205(2) provides in part:

"Mandatory revocation of license by department.—The Department shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction in any court of record of any of the following offenses, when such conviction has become final:

1. . . . .
2. Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, or under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle;"