Peter Samuel CASCIO, Appellant,

v.

STATE of Oklahoma, ex rel.,
DEPARTMENT OF PUBLIC
SAFETY, Appellee.

No. 59696.

Supreme Court of Oklahoma.

May 22, 1984.

As Corrected May 23, 1984.

Rehearing Denied Sept. 11, 1984.

James Francis Gillet, Henshaw & Leblang, Tulsa, for appellant.

Stephen G. Fabian, Jr., Oklahoma City, for appellee.

OPALA, Justice:

The sole issue for decision is whether, on appeal to the district court from an adverse action of the Department of Public Safety, "economic hardship" may be considered as a ground for (1) vacating or (2) modifying an order suspending a driver's license upon licensee's accumulation of excessive points. We answer in the negative as to part (1) and in the affirmative as to part (2).

The driver's license of the appellant, Cascio, was suspended by the Department of Public Safety [Department] for a 60-day period because over 10 points had been

assigned to his driving record. Cascio brought an appeal from that decision. The district court sustained the Department's demurrer to Cascio's petition, resting its decision on our pronouncement *In re Metcalf*,[1] and terminated the appeal. For the reasons to be stated, we reverse.

Under the provisions of 47 O.S.1981 § 6–206 the Department may suspend the license of a motorist for offenses under the Highway Safety Code [2] other than those for which revocation is mandatory.[3] The Department's Point System Regulations provide that a driver's license is subject to suspension when a licensee's driving record accumulates an aggregate of ten points or more within a five-year period. An appeal from the Department's order suspending a license is governed by the provisions of 47 O.S.1981 § 6–211. Pertinent here are the terms of § 6–211(e):

"(e) Upon said hearing said [district] court shall take testimony and examine into *the facts and circumstances, including* all of the records on file in the office of the Department of Public Safety relative to the offense committed and the driving record of said licensee, and determine *from said facts, circumstances and records* whether the petitioner is entitled to a license or shall be subject to the order of denial, cancellation, suspension or revocation issued by the Depart-

ment. The court may also determine whether, from such testimony of said licensee's previous driving record in the operation of motor vehicles, said order was for a longer period of time than such facts and circumstances warranted ..." [emphasis added]

Cascio urges that in § 6–211(e) appeals the district court is authorized to consider as a "fact and circumstance" the economic hardship that would result from the loss of a driver's license.

We note that in two related acts, also dealing with sanctions imposable on licensees for violation of traffic laws, the legislature specifically authorized the district court to consider economic hardship in modifying a driver's license suspension. Under the Oklahoma Implied Consent Law [4] the district court may modify suspension or denial orders to allow a licensee to drive in the course of employment or to and from the place of employment in cases of "extreme and unusual hardship". The Financial Responsibility Act [5] similarly provides that the operator whose license was suspended under that act may seek relief in the district court from "extreme and unusually severe hardship" which impairs the "ability of the applicant to earn a living".

While these or similar phrases do not appear *in haec verbis* in § 6–211(e)—the

---

**1.** Okl., 501 P.2d 208, 211 [1972]. In *Metcalf* we overruled our former holding in *Appeal of Lewis*, 208 Okl. 610, 258 P.2d 173 [1953]. In *Lewis* the district court found that the county court had arbitrarily vacated an order of the Commissioner of Public Safety which suspended the driver's license of the appellant. We held that the introduction of testimony by the State of a guilty plea to a public drunk offense committed several days after the operator had his license suspended was not competent evidence since the event had no connection with the operation of a motor vehicle on a public highway. While the suspension was upheld by reason of the operator's past driving record, the period of suspension was reduced because of "undue hardship". Explanation for the reduction is found only in the syllabus of the opinion.

Nearly 20 years later, the *Lewis* decision came under re-examination in *Metcalf*. There, a three-month suspension was given by the Department following the operator's conviction for driving while under the influence of intoxicat-

ing liquor. During the district court hearing the operator testified as to the economic hardship he would incur if the suspension were not vacated entirely. The trial court vacated the Commissioner's order and the Department appealed. We held that under the rule in *Lewis*—that a public drunk charge was not related to the use of a motor vehicle and could not be used by the State against the driver—evidence of undue hardship likewise is inadmissible and may not be used by the operator as a basis for modification or vacation of a driver's license suspension. *Lewis* was hence overruled to the extent it was in conflict with *Metcalf*.

**2.** 47 O.S.1981 § 1–101 et seq.

**3.** See 47 O.S.1981 § 6–205 for the mandatory provisions for revocation of a driver's license.

**4.** 47 O.S.1981 §§ 751, 755.

**5.** 47 O.S.1981 §§ 7–101, 7–505.

section applicable to appeals by licensees suspended for accumulation of excessive points—we are persuaded that the relief is implicitly authorized in the language of § 6–211(e), because therein the court is mandated "to examine into" the "facts and circumstances" relative to the offense committed. We will not assume the legislature intended to single out licensees with excessive points for a treatment different from that which is accorded licensees under the Implied Consent Law or that which is meted out under the Financial Responsibility Act.[6] A contrary holding would offend both the Equal Protection Clause of the XIVth Amendment, U.S. Const., as well as the equal treatment notions embodied in our own constitution.[7] It would clearly result in invidiously discriminatory treatment for licensees subject to discipline under the Department's Point System Regulations. Licensees adversely affected by the Implied Consent Law and those who come within the provisions of the Financial Responsibility Act would be accorded a far more advantageous treatment than that available to licensees suspended under the point system. Only the first two classes of motorists would enjoy the opportunity of judicial modification for economic hardship. We can find absolutely *no* rational basis for dispensing a far more severe sanction to licensees with excessive points than to those who refused to take a sobriety test or those who failed to meet the requirements for financial responsibility.

The Equal Protection Clause, although not an absolute guarantee of equality of operation or application of state legislation, is intended to safeguard the quality of governmental treatment against arbitrary discrimination. Disparate state treatment of classes of persons may be deemed valid when a rational basis exists for the inequality, unless the exercise of some fundamental right stands impaired or a suspect classification is found. If discrimination is said to infringe upon a fundamental right, it becomes the subject of *strict* judicial scrutiny. Because neither a fundamental right nor a suspect classification is implicated in this case, the rationality test must be applied. Under that standard of review the challenged legislation will pass constitutional muster if it is rationally related to some legitimate state objective.[8]

Our own pronouncements under Art. 2 § 7 and Art. 5 §§ 46 and 59, Okl. Const., are in substantial harmony with the rationality test.[9] We have held that where a statute seeks to operate upon a class, the classification must not be capricious or arbitrary. If it rests on some distinctive characteristic upon which a different treatment may be justifiably founded, it furnishes a rational, and hence constitutionally permissible, basis for discrimination. We find none here. In construing statutes susceptible of more than one interpretation, we will adopt that which is free from discriminatory effect,[10] that is one which will not operate to the advantage of some licensees and to the disadvantage of others who are found to be in the same class and hence may lay claim to like governmental treatment.

We therefore hold that in appeals from a license suspension order for excessive points (1) the district court may *modify* the suspension on grounds of extreme and unusual hardship by allowing driving in the course of employment or *only* to and from a place of employment, and (2) any such modification order shall state the specific

6. *Magnolia Pipe Line Co. v. Oklahoma Tax Commission,* 196 Okl. 633, 167 P.2d 884, 889 [1946]; *County Board of Equalization, Pittsburg County v. Muskogee Industrial Finance Corp.,* Okl., 357 P.2d 224, 228 [1960]; *Lancaster v. State, ex rel. Harrod,* Okl., 426 P.2d 714, 716–717 [1967].

7. Art. 2 §§ 6 and 7, Art. 5 §§ 46 and 59, Okl. Const.; *Wilson v. Foster,* Okl., 595 P.2d 1329, 1332 [1979]; *Moses v. Hoebel,* Okl., 646 P.2d 601, 605 [1982].

8. *Wilson v. Foster,* supra note 7.

9. *Wilson v. Foster,* supra note 7 at 1333; *Suglove v. Oklahoma Tax Commission,* Okl., 605 P.2d 1315, 1320 [1980]; *Moses v. Hoebel,* supra note 7; *Anderson v. Walker,* Okl., 333 P.2d 570 [1958].

10. *Neumann v. Tax Commission,* Okl., 596 P.2d 530, 532 [1979].

times and circumstances under which motor vehicle operation may be permitted. Insofar as this pronouncement is in conflict with extant case law, our former expressions to the contrary stand withdrawn.[11]

■ Because we find no textually demonstrable authority, either explicit or implicit, for the appellant's argument that the legislature intended economic hardship to serve as a basis for *judicial vacation* of a driver's license suspension imposed for licensee's accumulation of excessive points, we hold that no such power resides in the district court.

The judgment of the district court is reversed and the cause remanded with directions to proceed in a manner not inconsistent with this pronouncement.

DOOLIN, HARGRAVE, WILSON and KAUGER, JJ., concur.

BARNES, C.J., SIMMS, V.C.J., and HODGES and LAVENDER, JJ., dissent.

---

11. See *In re Metcalf,* supra note 1; *Winter v. Mayberry,* Okl., 533 P.2d 968 [1975]; *Wade v.* *State ex rel. Dept. of Public Safety,* Okl., 645 P.2d 510 [1982].