**Ray VILLEGAS, Appellee,**

v.

**Mary Helen VILLEGAS, now Torres, Appellant.**

**No. 80432.**

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 24, 1993.

As Corrected Aug. 30, 1993.

---

Mary Mosshammer, Legal Services of Eastern Oklahoma, Hugo, for appellant.

## OPINION

HANSEN, Chief Judge:

Four children were born to Ray and Mary Helen Villegas before they married in August of 1985. In 1986, Ray and Mary Helen separated and lived apart for about eleven months, during which time a fifth child, Susan, was conceived. Susan was born in May of 1987, about two months after the parties reconciled. Ray and Mary Helen lived together seven or eight months after Susan was born. Ray was sent to prison at that time, and the parties never lived together again.

Ray filed a Petition for Divorce in September of 1991. In that petition he listed the five children, including Susan, as children "of this marriage." Mary Helen answered and counterclaimed for divorce alleging Ray was not Susan's father and asking for a blood test to support her claim. Ray strenuously objected to the blood test. Although not addressed in his answer to Mary Helen's counterclaim, Ray argued in his objection to the blood test that 10 O.S.1991 § 3 precluded Mary Helen from claiming he is not Susan's father. 10 O.S.1991 § 3 provides:

The presumption of legitimacy can be disputed only by the husband or wife or the descendant of one or both of them. Illegitimacy in such a case may be proved like any other fact. Provided that if the child is born during the course of the marriage and is reared by the husband and wife as a member of their family without disputing the child's legitimacy for a period of at least two (2) years, the presumption cannot be disputed by anyone.

The Court overruled Mary Helen's request for a blood test to determine paternity.

The trial court took testimony for the divorce and issued its decree in July of 1992. In the decree the trial court reserved consideration of the paternity of Susan. In August of 1992 it issued a second journal entry of judgment overruling Mary Helen's motion to reconsider ordering a blood test finding that two years had passed since Susan's birth without a dispute arising which "would give rise to a legal question as to the paternity of the child", she could not contest the paternity of the child. That judgment granted custody of Susan to Mary Helen. Mary Helen appeals only the August judgment.

■ Ray filed no answer to Mary Helen's Petition in Error. Accordingly, the Supreme Court ordered the appeal to be submitted on Appellant's brief only. When no answer brief is filed and the omission is unexcused, this Court is under no duty to search the record for some theory to sustain the trial court judgment and will, ordinarily, where the brief in chief is reasonably supportive of the allegations of error, reverse the appealed judgment. *In the Matter of Lehman*, 591 P.2d 700 (Okla. 1979).

■ Mary Helen points out in her brief that § 3 requires four elements to exist before a party may not contest paternity of a child born during wedlock. The child must be:

1. reared *by husband and wife*.
2. as a member of their family
3. without dispute of legitimacy
4. for a period of *at least* two years.

The record contains no transcript of testimony. The only evidence in the record consists of certain stipulations as to testimony of Mary Helen and three witnesses. These stipulations clearly reflect no claim on the part of either Ray or Mary Helen that Ray is Susan's father. Susan has not been reared by both Mary Helen and Ray as a member of their family. Although

neither party filed legal action disputing Ray's paternity, the stipulated testimony makes it clear that Mary Helen has consistently claimed another, (Tommy), to be Susan's father.

 Section 3 does not come into play to bar a claim of illegitimacy merely because a child is two years old. Section 3 does not provide that no one may dispute the paternity of a child born during wedlock two years after the *birth* of the child. A trial court must take evidence of all the elements of § 3 before barring such a suit on the basis of this limitation. Otherwise these elements are meaningless.

Mary Helen's brief is reasonably supportive of her allegations of error. Accordingly, the trial court's judgment is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.

JONES, P.J. and ADAMS, J., concur.