**Julia L. SUHRE, Appellee,**

v.

**STATE ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 84087.**

Court of Appeals of Oklahoma, Division No. 3.

Dec. 20, 1994.

Robert Eliot Sisson, Oklahoma City, for appellee.

Blair Easley, Jr., Oklahoma City, for appellant.

## OPINION

HUNTER, Judge:

Appellee was arrested for Driving Under the Influence and refused to consent to a chemical test as provided in 47 O.S.1991 § 751. As a result of her refusal, Appellee's driver's license was revoked for a period of 180 days pursuant to 47 O.S.Supp.1993 §§ 6–205.1 and 753. Appellee appealed the revocation to the district court. Appellee stipulated to the revocation, but urged the court to modify the revocation because of extreme and unusual hardship as set forth in 47 O.S.Supp.1993 § 755. She alleged that her role as a housewife constituted "employment" sufficient to bring her within the statute's

exceptions. The trial court granted the modification and Appellant now appeals.

We note that Appellee's brief filed August 25, 1994 was not accepted for filing and was stricken by the Supreme Court for failure to comply with 12 O.S.1991 Ch. 15, App. 1, Rule 19 because the brief was improperly bound. Appellee's brief is file stamped and is a part of the record before us. Appellee filed a motion for leave to file her brief out of time and/or in compliance with Rule 19, which is still pending. Upon examination of Appellee's stricken brief, we grant Appellee's motion and will consider her August 25, 1994 brief as submitted in this appeal.

■ Appellant urges that the trial court erred as a matter of law in granting a hardship modification to Appellee because Appellee's role as a housewife did not bring her within the ambit of the exceptions provided for in 47 O.S.Supp.1993 § 755, which states:

A. If the revocation or denial is sustained the person whose license or permit to drive or nonresident operating privilege has been revoked or denied may file a petition for appeal in the district court in the manner provided in Section 6–211 of this title, and the proceedings upon said appeal shall be the proceedings prescribed by Section 6–211 of this title. The district court may modify the revocation or denial in cases of extreme and unusual hardship when it is determined by the court that the person whose license or permit to drive has been revoked or denied has no other adequate means of transportation and enter a written order directing the Department of Public Safety to allow driving in any or all of the following situations, subject to the limitations of Section 6–205.1 of this title:

1. To and from a place of employment;

2. To and from a child care facility, providing the person is a parent or legal guardian with no other means of transporting the child so the parent or legal guardian can maintain employment or attend classes;

3. To and from a medical facility;

4. In the course of employment;

5. To and from an educational institution for the purpose of attending classes if the person is enrolled and regularly attending classes at such institution;

6. To attend a course for drinking drivers, when required by the court; or

7. To permit the person to comply with any existing court order filed of record prior to the filing of a petition for appeal.

B. Any such modification order shall state the specific times and circumstances under which driving is permitted.

The term "employment" has been defined by the Oklahoma legislature as it relates to workers' compensation as follows:

"Employment" includes work or labor in a trade, business, occupation or activity carried on by an employer for pecuniary gain or any authorized voluntary or uncompensated worker rendering services as a fire fighter, peace officer or civil defense worker. 85 O.S.1991 § 3(5).

Appellee's role as a housewife and mother, although an exhaustive and thankless profession, does not constitute "employment" as that term has been statutorily envisioned by the legislature. 85 O.S.1991 § 3(5). See *Jager v. Oklahoma Department of Public Safety*, 604 P.2d 388 (Okl.App.1979). Appellee admitted that she earns no compensation as a housewife and has no employer. Appellee was not "employed" as contemplated within the exceptions stringently outlined in Section 755.

■ On appeal from an order as to an implied consent revocation, we may not reverse or disturb the finding below unless the trial court's determination is erroneous as a matter of law or lacking sufficient evidentiary foundation. *Abdoo v. State ex rel. Dept. of Public Safety*, 788 P.2d 1389 (Okl.App.1990). The trial court's determination that Appellee's role as a housewife qualifies as "employment" under Section 755 is erroneous as a matter of law. The trial court's order is hereby REVERSED and REMANDED WITH DIRECTIONS to reinstate Appellant's order of revocation.

REVERSED AND REMANDED WITH DIRECTIONS.

ADAMS, J. concurs.

GARRETT, V.C.J., dissents: I would hold that the word "employment", as used in 47 O.S.Supp. § 755(A)(4) includes the occupation of "housewife".