Phillip W. FAUSS, Appellee,

v.

DEPARTMENT OF PUBLIC
SAFETY, Appellant.

No. 84584.

Court of Appeals of Oklahoma,
Division 1.

Jan. 10, 1995.

Lisa McLaughlin–Molinsky, Oklahoma City, for appellant.

William L. Ford, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Plaintiff, Phillip Fauss, was arrested for driving under the influence. He was advised of the Oklahoma Implied Consent Law and requested to submit to a breath test. He refused. Defendant, Oklahoma Department of Public Safety (DPS), revoked his license for his refusal to submit to a chemical test.

Plaintiff petitioned the district court for a modification of his license revocation. During the hearing, Plaintiff testified he is retired and lives off his investments. He further testified he is a member of several nonprofit organizations that meet approximately once a month, and that he receives no compensation for his duties with those organizations.

■ After hearing the evidence, the trial court modified the revocation of his license

by granting him driving privileges to his volunteer meetings, AA meetings, and group counseling. DPS appeals the trial court's granting of driving privileges to Plaintiff's volunteer meetings.

DPS argues the trial court erred in granting a modification to allow driving for employment purposes when the evidence established Plaintiff is not employed.[1] Title 47 O.S.1995 § 755 enumerates seven situations wherein the trial court may grant modified driving privileges.

Section 755 provides, in part:

... The district court may modify the revocation or denial in cases of extreme and unusual hardship when it is determined by the court that the person whose license or permit to drive has been revoked or denied has no other adequate means of transportation and enter a written order directing the Department of Public Safety to allow driving in any or all of the following situations, subject to the limitations of Section 6–205.1 of this title:

1. To and from a place of employment;

2. To and from a child care facility, providing the person is a parent or legal guardian with no other means of transporting the child so the parent or legal guardian can maintain employment or attend classes;

3. To and from a medical facility;

4. In the course of employment;

5. To and from an educational institution for the purpose of attending classes if the person is enrolled and regularly attending classes at such institution;

6. To attend a course for drinking drivers, when required by the court; or

7. To permit the person to comply with any existing court order filed of record prior to the filing of a petition for appeal.

In *Jager v. Oklahoma Dept. of Public Safety*, 604 P.2d 388 (Okla.App.1979), the trial court granted modified driving privileges, allowing the driver to drive to the hospital for treatment, to his mother's home, to his brother's home, and to church on Sunday morning.

On appeal, the Court of Appeals noted the revocation provision for refusal to submit to chemical testing for alcohol is mandatory. At that time, § 755 provided only one exception, and "the exception allows only for driving related to employment if extreme and unusual hardship is shown." The Court reversed the modification because the driver was not employed. It reasoned that "the legislature has seen fit to give only a narrow exception. The [driver] does not come within the present enacted statutory exception. There is no room for construction of the statute because its language is plain and unambiguous and the meaning is clear."

■ Although the exceptions in § 755 have expanded since *Jager* was written, this Court is, nonetheless, persuaded by the reasoning in the *Jager* opinion. Herein, Plaintiff's volunteer work does not apply to any other exception besides, arguably, the employment exception. Because Plaintiff is not compensated for his duties as a member of the volunteer organizations, but, instead, lives on his investments, he is not employed, pursuant to § 755.[2]

■ Moreover, Plaintiff has not shown an extreme and unusual hardship existed in order for the exceptions to be applicable. At the hearing, he testified he could take a taxi to his volunteer meetings, but "it would be my only way to go." He further testified he

1. At the hearing, the trial court reasoned, "To me, Mr. Fauss's volunteer work is his employment as a retired person...."

2. In examining a statute, it is the court's duty to determine the intent of the Legislature. The intent is to be ascertained primarily from the language of the statute itself. The courts are bound by the plain language of the statute. *State v. Sims*, 690 P.2d 1052 (Okla.1984). The intent of § 755 is to allow modification only in specifically enumerated situations. To allow a liberal construction of the statute would vitiate its intent.

had not spoken with anyone about the possibility of getting a ride to any of the meetings. Plaintiff failed to sustain his burden of proof in order to modify his revocation.[3]

That portion of the trial court's order allowing Plaintiff to drive to and from his meetings with volunteer organizations is reversed; the remainder of the order is affirmed.

AFFIRMED IN PART, REVERSED IN PART.

CARL B. JONES and JOPLIN, JJ., concur.

---

3. Plaintiff argues DPS did not properly preserve on appeal its issue regarding the burden of establishing extreme and unusual hardship. The argument is without merit. This issue was raised below.